IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILLY L. ROHWEDDER,<br><br>                Plaintiff,<br><br>v.<br><br>HARBOR STEAK AND SEAFOOD,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:19-CV-737-TS-CMR<br><br>District Judge Ted Stewart |

Billy L. Rohwedder ("Plaintiff") sued his former employer for discrimination and unlawful termination.[1] On October 8, 2020, Plaintiff filed a motion for summary judgment and a motion for default judgment.[2] On January 20, 2021, Magistrate Judge Cecilia M. Romero denied the motion for default judgment, finding that Plaintiff's complaint failed to state a claim.[3] Plaintiff filed an amended complaint on February 4, 2021.[4] To date, the amended complaint has not been served on the defendant. Accordingly, the defendant has not answered the amended complaint or responded to the motion for summary judgment.

A motion for summary judgment is granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Plaintiff filed his motion for summary judgment before he filed his amended complaint. The defendant has

---

[1] Compl., Docket No. 3.

[2] Docket Nos. 12, 13.

[3] Docket No. 15.

[4] Docket No. 16.

[5] Fed. R. Civ. P. 56(a).

1

not answered the amended complaint and no discovery has been conducted. Thus, the court cannot conclude that there is no genuine dispute as to any material fact or that Plaintiff is entitled to judgment as a matter of law. Granting a motion for summary judgment at this juncture would be premature.[6]

Therefore, it is ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED without prejudice.

DATED this 13th day of July, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment "after adequate time for discovery"); *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." (alteration in original) (citation omitted)).