IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILLY L. ROHWEDDER, Plaintiff, v. HARBOR STEAK AND SEAFOOD, Defendant. | REPORT AND RECOMMENDATION Case No. 2:19-cv-00737-TS-CMR District Judge Ted Stewart Magistrate Judge Cecilia M. Romero |

### I. BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). On October 8, 2019, the court granted Plaintiff Billy L. Rohwedder's (Plaintiff or Mr. Rohwedder) application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 2). Shortly thereafter, Mr. Rohwedder filed a motion for service of process, a motion for appointment of counsel, a motion for summary judgment, and two motions for default judgment (ECF 10–14). In a ruling dated January 20, 2021, this court denied Plaintiff's motions for service, counsel, and default judgment (ECF 15).[1] The court, however, granted Plaintiff leave to file an amended pleading addressing deficiencies. Plaintiff timely filed an Amended Complaint (ECF 16). Upon review, Mr. Rohwedder's Amended Complaint fails to remedy the deficiencies of his original pleading and therefore the court recommends dismissal of the action.

---

[1] In a later ruling dated July 13, 2021, the court denied Plaintiff's motion for summary judgment (ECF 18).

## II.     DISCUSSION

The court granted Plaintiff leave to file his complaint pursuant to the IFP Statute. Under the IFP Statute, a court must dismiss any claims that are frivolous, malicious or fail to state a claim upon which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  In determining whether a complaint fails to state a claim for relief under the statute, the court employs the standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ.12(b)(6).  Review of a motion to dismiss requires the court to "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

To survive dismissal under 12(b)(6):

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff attempts to assert claims for "unethical civil/corporate discrimination" and "religious/ethnic discrimination" as a Jewish male because of an incident involving a juvenile who was "being permitted to explore alcohol unsupervised" (ECF 16).  Despite an opportunity to amend, Plaintiff's pleading remains in violation of Rule 8.  *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff fails to provide sufficient factual allegations for his claims to have the requisite plausibility under Rule 12.  Plaintiff's Amended Complaint therefore fails to state a claim for relief and dismissal is appropriate under 28 U.S.C. § 1915 (e)(2)(B)(ii).

## **RECOMMENDATION**

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the district judge **DISMISS** Plaintiff's Amended Complaint for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

## **NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 October 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah